UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STEEL, PAPER, and FORESTRY, RUBBER MANUFACTURING, ENERGY, ALLIED INDUSTRIAL and SERVICE WORKERS INTERNATIONAL UNION, and its LOCAL 5-857, a labor organization** ) ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| v.  ) ) | Case No. 05-CV-0521-CVE-PJC |
| **CONTINENTAL CARBON COMPANY, a foreign corporation,** ) ) ) ) ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Now before the Court is Continental Carbon Company's Motion to Transfer Venue and Motion to Consolidate and Supporting Brief (Dkt. ## 9, 10). Defendant seeks transfer of this action to the United States District Court for the Western District of Oklahoma, and to have it consolidated with a case on file there. Plaintiffs have not responded to defendant's motion.

Defendant originally filed an action in the Western District of Oklahoma, requesting that the court vacate an arbitrator's award arising from a grievance filed pursuant to a collective bargaining agreement between defendant and PACE International and its local. Plaintiffs, in turn, filed an action in this Court seeking enforcement of the same award. Defendant moves to transfer the action filed with this Court to the Western District of Oklahoma.

The Federal Rules of Civil Procedure state: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) grants discretion to

district courts to transfer cases after an "individualized, case-by-case consideration of convenience and fairness." Chrysler Credit Corp. v. County Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). In evaluating the appropriateness of transfer of venue, a district court may consider a wide range of factors, including,

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Id.

As defendant points out, this case has little relationship to this judicial district. Defendant's Ponca City location is within Kay County, a part of the Western District of Oklahoma, as are, it seems, many of the witnesses and documents relevant to this case. Moreover, a case involving the same dispute has already been filed in the Western District of Oklahoma. Indeed, the sole connection to this district that is readily apparent is plaintiff's counsel's residence in this district. This, alone, cannot prevent a transfer of venue, however. See Studdard v. Connaught Laboratories, Inc., 793 F. Supp. 291, 292 (D. Kan. 1992) ("[C]onvenience of counsel is entitled to little, if any, weight in ruling on a [section] 1404(a) transfer. . . . This is particularly so when no other factors weigh in favor of plaintiffs.").

**IT IS THEREFORE ORDERED** that defendant's motion to transfer venue (Dkt. # 9) is hereby **granted**.  Defendant's motion to consolidate cases (Dkt. # 10) is more appropriately decided by the United States District Court for the Western District of Oklahoma.  **The Clerk of the Court is directed to transfer this case to the Western District of Oklahoma.**

**DATED** this 27th day of October, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT